**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 06-CR-20415

EDWARD W. FISHER

    Defendant.
                                          /

**OPINION AND ORDER DENYING DEFENDANT FISHER'S "MOTION TO DISMISS
COUNT TWO BASED ON THE GOVERNMENT'S BILL OF PARTICULARS"**

Defendant Edward W. Fisher filed the above-captioned motion on March 20, 2008. The Government filed its response on March 27, 2008, and Defendant[1] filed his reply on April 4, 2008. The matter having been fully briefed, the court concludes that a hearing is not necessary. *See* E.D. Mich. LCrR 12.1; E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Defendant's Motion.

## I. DISCUSSION

Defendant's motion is in response to the Government's March 13, 2008 Bill of Particulars, which the court had previously required by order. According to that order:

> With respect to Count Two, the court will grant part of the motion and deny the remainder. The court is satisfied that the manner and means of conspiracy are adequately described in Count Two of the indictment. Concerning overt acts, however, the indictment merely states that Defendant advanced the conspiracy when he "testified in a civil proceeding" on or about June 19, 2001. This terse and cryptic allegation falls short of providing reasonable notice to Defendant of how he participated in the charge against him in Count Two. The court will therefore direct the government to respond with a bill of particulars to

---

[1]The court's use of "Defendant" shall refer to Fisher.

> Defendant's request to "[s]tate how Edward W. Fisher's testimony was in
> furtherance of the conspiracy alleged in Count Two."

(10/17/07 Order at 3 (citations, footnote omitted).)  The Government responded with a reference to a specific portion of the relevant deposition and the explanation that Defendant's testimony was misleading because it obscured an alleged check kiting scheme by creating the impression that Simplified Employment Services, Inc. ("SES") had a credit arrangement that included bank debt.  (3/13/08 Govt. Resp. at 1-2.)  The Government elaborated further on its explanation in response to Defendant's instant motion.  (3/27/08 Govt. Resp. at 1-3.)

Defendant argues that (1) he is still at a loss to understand Count Two, (2) the deposition testimony occurred in an unrelated case and (3) Count Two must fail for lack of an "allegation of an intentional act of participation in the conspiracy by him."  (Def.'s Br. at 2-7, Def.'s Reply Br. at 2-5.)  The court is not persuaded.  An indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *U.S. v. Hudson*, 491 F.3d 590, 592-94 (6th Cir. 2007) (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974), citing *United States v. Vanover,* 888 F.2d 1117, 1121 (6th Cir.1989)).

The court concludes that Count Two of the indictment, read in conjunction with the Bill of Particulars, fairly informs Defendant of the charge against which he must

defend and enables any plea to bar future prosecutions for the same offense. As a matter of general notice, Defendant is equipped with adequate information. He may prefer more detail of the Government's theory, but such a heightened standard is not the touchstone of Rule 7 and is unnecessary at this stage in the proceedings. In addition, the mere fact that the deposition was in another case does not necessarily entail that the testimony could not have advanced the alleged conspiracy. Various degrees of attenuation are conceivable in cases where conspiracies allegedly depend upon misrepresentations aimed at avoiding detection. The Ninth Circuit articulated this point when it affirmed convictions in a bank fraud conspiracy case:

> The fact that appellants' misrepresentations were designed to conceal their fraudulent conduct from the Board does not mean the appellants defrauded only the regulators. Concealment of Mangano's role from the Board was one facet of a scheme to use Ramona's deposits to engage in real estate transactions that jeopardized Ramona's assets. Appellants could continue to use Ramona's deposits to finance their real estate ventures only so long as they were able to conceal Ramona's financial instability from federal regulators and thus avoid what eventually occurred- the closing of Ramona by the Board. Appellants cannot escape liability for this scheme to defraud Ramona simply because effectuating the scheme also required them to conceal the true nature of their transactions from the Board.

*United States v. Molinaro* 11 F.3d 853, 861 (9th Cir. 1993). In other words, concealment to third parties can properly constitute part of a scheme to defraud a primary party.

Further, Defendant cites no authority for the proposition that, to prove conspiracy, the Government must show that the overt act involved was, specifically, Defendant's own intentional act. As a general matter, to prove conspiracy the Government need only prove that Defendant "was aware of the object of the conspiracy and that he

3

voluntarily associated himself with it to further its objectives." *United States v. Gibbs*, 182 F.3d 408, 421 (6th Cir. 1999) (quoting *United States v. Hodges*, 935 F.2d 766, 772 (6th Cir. 1991)). Fairly read, the materials before the court meet this standard. Accordingly, the court will deny Defendant's motion.

## II.  CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss Count Two Based on the Government's Bill of Particulars" [Dkt. # 42] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: April 24, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 24, 2008, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522