**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 06-CR-20415-2

EDWARD W. FISHER,

    Defendant.
                                                   /

**ORDER DENYING DEFENDANT FISHER'S "EX PARTE DISCOVERY MOTION FOR REVIEW OF DENNIS LAMBKA'S PRESENTENCE INVESTIGATION REPORT"**

Defendant Edward W. Fisher filed the above-captioned motion on June 10, 2008. The matter having been fully briefed, the court concludes that a hearing is not necessary. *See* E.D. Mich. LCrR 12.1; E.D. Mich. LR 7.1(e)(2). The court has reviewed the motion and determines that it should be denied.

Defendant seeks access to portions of the presentence investigation report of Dennis Lambka, Defendant's former co-defendant who has plead guilty, for the purpose of revealing exculpatory evidence, including evidence that might impeach the testimony of Lambka. The court has reviewed the authority cited by Defendant, which is mainly helpful to the extent that it states that Defendant must meet a high standard (compelling and particularized need), *see e.g. United States v. Corbitt*, 879 F.2d 224, 239 (7th Cir. 1989), and that the decision rests squarely within the discretion of the trial court. Further, the court relies upon the following holding of the Sixth Circuit, which upheld the denial of a similar discovery request:

> We find the Fifth Circuit's reasoning in *Trevino* quite persuasive. *Brady* expressly applies to material evidence withheld from the defense *by the prosecution*. Neither *Brady* nor the Federal Rules of Criminal Procedure

mandate that a trial court produce a copy of the presentence report concerning a government witness, prepared for the court, to the defense upon request. Nor do they require a trial court to review such a report *in camera* for potential *Brady* material. Thus, we hold that the district court did not abuse its discretion in denying [the defendant's] request.

*United States v. Sherlin*, 67 F.3d 1208, 1218 (6th Cir. 1995) (emphasis in original) (citing *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Trevino*, 556 F.2d 1265 (5th Cir. 1977)). Under the circumstances, the court sees no particular obligation to grant defendant's request. Moreover, Defendant's motion falls short of articulating a basis that would meet the proposed standard of compelling and particularized need. The court is not persuaded that Defendant's description of Lambka's criminal history and other background information suggest anything approaching a compelling and particularized need to examine the requested discovery material. Accordingly,

IT IS ORDERED that Defendant Fisher's "Ex Parte Motion for Review of Dennis Lambka's Presentence Investigation Report" [Dkt. # 57] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 18, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522