**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 06-CR-20415-2

EDWARD W. FISHER,

    Defendant.
                                                  /

**OPINION AND ORDER DENYING DEFENDANT FISHER'S
EVIDENTIARY CHALLENGE RAISING THE COMPLETENESS DOCTRINE**

Defendant Edward W. Fisher filed a memorandum concerning the above-captioned matter on June 30, 2008, which the court has now has a more ample opportunity to study and absorb. The court had previously denied a similar challenge on the record. The court maintains, but expands upon its previous denial, supplementing the court's comments and reasoning earlier stated on the record.

Defendant relies upon Federal Rule of Evidence 106, which states:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Fed. R. Evid. 106. This rule of evidence finds some origin in the common law doctrine of completeness, which operates to ensure fairness where a misunderstanding or distortion created by the other party can only be averted by the introduction of the full text of the out-of-court statement. *United States v. Ramos-Caraballo*, 375 F.3d 797 (8th Cir. 2004). According to the Sixth Circuit, evidentiary questions under Federal Rule of

Evidence 106 are committed to the discretion of the federal district court. *Jamison v. Collins*, 291 F.3d 380, 387 (6th Cir. 2002).

Defendant requests the admission of five sets of handwritten notes of a witness. Portions of two exhibits - Defendant's exhibits 533 and 552 - are already admitted as the Government's exhibits 115 and 117, respectively. Defendant also seeks the admission of Exhibits 544, 547 and 500. At bottom, Defendant appears to argue that the Government is relying upon selective admission of the handwritten notes to prove its theory of the case and that the full documents will inform the jury of the full context of each note and eliminate any distortion or other misleading effect of only admitting excerpts. The court disagrees.

"There is no valid basis for a *per se* rule that all documents contained in agglomerated files must be admitted into evidence merely because they happen to be physically stored in the same file." *Jamison*, 291 F.3d at 387 (quotation omitted). Similarly, it stands to reason that there is no per se rule for admitting all portions of voluminous documents merely because relevant admitted portions appear in the same physical documents. Because neither the Constitution nor the rule of completeness requires admission of entire statement once any portion is admitted in criminal prosecution, courts have required defendants to demonstrate with particularity any unfairness in selective admission of the prior written statement. *See e.g. United States v. Branch*, 91 F.3d 699 (5th Cir. 1999).

The court is not persuaded that Defendant has made such a showing in this case. As a threshold matter, the Government challenges the application of the completeness doctrine to the notes, which the Government characterizes as

2

recollections recorded and therefore testimonial as opposed to documentary in nature. Without deciding that question, the court notes relevant authority holding that the doctrine does not empower federal courts to admit hearsay evidence that fails to meet any of the defined hearsay exceptions. *See e.g. United States v. Woolbright*, 831 F.2d 1390 (8th Cir. 1987). More importantly, even if the doctrine could be applied, the court does not believe that Defendant has shown a particularized need to ensure fairness and that this need can *only* be met by the introduction of the full exhibits.

As the court stated on the record, there is a substantial danger of confusing the jury with lengthy handwritten notes that are not relevant in every detail to the evidence already admitted.[1] That substantial likelihood of confusion outweighs –substantially– any possible relevance that may exist within the subject papers. A relevant clause or sentence does not mean that the whole document is indispensable and non-confusing. Instead, there is a likelihood of danger that the evidence will be cluttered in a manner that will tend to distract the jury from intelligent consideration of salient proofs. Further, Defendant's own testimony and the argument of his counsel are adequate for presenting his view of the "context" of the admitted evidence and the import of the conversations recorded in the notes. For example, notes about why Richard Widgren left his employment with SES would be cumulative in light of Defendant's testimony,

---

[1] As a practical matter, Defendant seeks to admit about 13.5 pages of additional material. The amount of material is relevant and not insubstantial. *See e.g. United States v. Rubin*, 609 F. 2d 51, 63 (2d Cir. 1979) (affirming the admission of government investigative agent's notes over completeness objection and noting prosecutor selected only a few pages out of "70-odd pages of notes"). The most problematic exhibit is 552, which would augment the Government's one-page Exhibit 117 with nine additional handwritten pages. Under the circumstances, the court believes that the additional material would tend to confuse the jury.

3

which addressed the matter several times. Showing context is a matter for argument and presentation of the case that can be accomplished short of inundating the jury with more documents. Accordingly,

    IT IS ORDERED that Defendant's Evidentiary Challenge in His "Memorandum Regarding the Admissibility of Evidence Pursuant to the Rule of Completeness, FRE 106" [Dkt. # 64] is DENIED.

                                                   S/Robert H. Cleland
                                                   ROBERT H. CLELAND
                                                   UNITED STATES DISTRICT JUDGE

Dated: July 1, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 1, 2008, by electronic and/or ordinary mail.

                                                   S/Lisa Wagner
                                                 Case Manager and Deputy Clerk
                                                 (313) 234-5522