**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No. 06-20415

EDWARD FISHER,

    Defendant.
    　　　　　　　　　　　　　　　　　　　/

**OPINION AND ORDER DENYING DEFENDANT'S**
**"MOTION FOR BOND PENDING APPEAL"**

Pending before the court is Defendant's October 2, 2009 "Motion for Bond Pending Appeal." The Government filed a response brief on October 20, 2009. Because Defendant's appeal does not present a substantial question of law, the court will deny the Motion.

**I. BACKGROUND**

Defendant was indicted on two counts of conspiracy to commit fraud. A jury convicted Defendant of the first count, conspiracy to defraud the Internal Revenue Service ("IRS"), but acquitted him of the second count, conspiracy to commit bank fraud. Defendant was chief in-house counsel for Simplified Employment Services, Inc. ("SES"), an employment organization that, through its subsidiaries, administered the human-resources functions of its client companies, including paying employees and paying employment taxes to the IRS. As early as 1997, executives at SES formed a conspiracy to conceal SES's tax liability. In Spring 2000, Defendant retained attorney

McGee Grigsby as outside counsel as part of the attempt to conceal tax liability from the IRS.

## II. STANDARD

Pursuant to 18 U.S.C. § 3143(b)(1)(B), a court is required to release a defendant on bond pending appeal if the court makes two findings. First, the court must find, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any person in the community. 18 U.S.C. § 3143(b)(1)(B). Second, the court must find that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal; a new trial; a sentence without a term of imprisonment; or a sentence reduction to a term less than the time already served plus the expected duration of the appeal. *Id.* The Sixth Circuit has further elaborated on what it means to raise a substantial question of law. A substantial question is "one that could go either way" and "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985).

## III. DISCUSSION

Initially, there is no suggestion that Defendant might flee or pose a danger if granted bond.

On appeal and his attendant Motion for Bond, Defendant argues that the court erred when it (1) held that 17 exhibits of Grigsby's notes were inadmissible; (2) did not answer two questions submitted to the court by the jury during deliberations; (3) held that several exhibits were admissible pursuant to the crime-fraud exception to the work-product privilege; and (4) refused to grant Defendant's motion for judgment of acquittal.

Defendant argues that notes made by Grigsby should have been admitted as evidence pursuant to the business records exception to hearsay or under Federal Rule of Evidence 106, the so-called "rule of completeness."  As the court reasoned in its "Opinion and Order Denying Defendant's Motion for Judgment of Acquittal and Denying Defendant's Motion for New Trial," of April 8, 2009, the notes were created in anticipation of litigation and were therefore not admissible under the business records exception.  (4/8/09 Order 18.)  Further, as the court reasoned in that same order, Federal Rule of Evidence 106 does not render inadmissible hearsay admissible.  (4/8/09 Order 18-19.)  Neither ruling presented a close question that "could go either way."

During the deliberation two questions asked by the jury were: (1) whether the attorney-client privilege applies to Defendant regarding his employment at SES; and (2) whether an attorney, on learning of illegal activities by his employer, is legally required to report this activity.  Defendant asked the court to answer yes to the first question and no to the second.  The court remains of the view, expressed in the Order of April 8, 2009, that the jury was properly instructed and an answer to these two questions would have unnecessarily complicated the jury's deliberations.  Because the jury instructions, "viewed as a whole," were not "confusing, misleading and prejudicial," Defendant has not raised a close question of law that could go either way. *United States v. Young*, 553 F.3d 1035, 1050 (6th Cir. 2009).

Defendant also argues that the court improperly admitted Exhibits 101-08, and 111 pursuant to the crime-fraud exception to the work-product privilege.  Defendant argues that the crime-fraud exception requires a district court to engage in a two-part analysis.  First, the court must determine that the proposing party has made a prima

facie showing of a crime or fraud.  Second, the proposing party must establish a relationship between the communication at issue and the prima facie case.  Defendant does not appear to challenge the first prong of this analysis.[1]

Defendant argues that "[t]here is no indication in the record that the [c]ourt ever looked at or even considered any of the documents it admitted, including a work product document which preceded the alleged conspiracy by over a year." (Def.'s Mot. Br. 23.) But Defendant goes no farther than asserting that the court failed to create a record establishing a relationship between the fraud and the particular documents; Defendant makes practically no argument that particular documents in question were unrelated to the crime or fraud at issue.

As the court stated in the Order of April 8, 2009, many of the documents (specifically, Exhibits 101, 103-104, 106-108) involved communications between Grigsby and Defendant.  "Because Defendant's alleged role in the conspiracy was to communicate a fabricated cause for SES's tax liabilities to Grigsby, these notes can be viewed as made for that purpose, and thus intended to further the conspiracy." (4/8/09 Order 16.)  Exhibit 105 can be viewed as the execution of the strategy of blaming "the systems, the software and the people within the accounting department" for "the deficiency within the tax[es]."  (Trial Tr. vol. II, 40-41, June 19, 2008.)  Finally, Exhibit 111 plainly states that SES senior executives should not "make open displays of wealth" on days when the IRS was inspecting SES.  This statement can certainly be viewed as

---

[1] Indeed, such a challenge would be difficult, because the jury convicted Defendant of fraud.

4

furthering a plan to defraud the IRS. The court therefore finds no close question of law concerning the admission of these exhibits.[2]

Finally, Defendant argues that review of this court's denial of his motion for judgment of acquittal raises a substantial question of law. As the court detailed in the Order of April 8, 2009, a reasonable trier of fact could have found beyond a reasonable doubt that a conspiracy existed "in which Defendant . . . agreed to falsify tax returns, engage in the Back-Out Plan, and blame software and accounting for [SES's] tax deficiency." (4/8/2009 Order 6.) Defendant raises nothing that suggests the court's previous ruling was a question that could go either, and the court therefore finds no substantial question of law.

---

[2] Further, it is not clear to the court that Defendant has preserved his objection to the admission of all of these exhibits for appeal. In his motion in limine, Defendant objected to the admission of three pieces of evidence as being covered by the work-product privilege, (Mot. in Limine to Exclude Att'y Work Product Evidence 5.); here, he argues that nine exhibits should have been held inadmissible based on the privilege. At least five of these nine were admitted at trial without objection. (Trial Tr. vol. II, 56, 61, June 19, 2008; Trial Tr. vol. III, 18, 22, June 20, 2008; Trial Tr. vol IX, 291, July 1, 2008.) The court realizes that a defendant need not necessarily object at trial to preserve an evidentiary issue for appeal:

> [I]f the trial court has made an explicit and definitive ruling on the record of the evidentiary issues to be decided, and has not indicated that the ruling is conditioned upon any other circumstances or evidence, then counsel need not renew the objection at the time the evidence is offered (or would have been offered but for an exclusionary ruling) in order to preserve the error for appeal.

*United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). But, here, it seems that to preserve the issue for appeal Defendant must have either raised the objection in his Motion in Limine or at trial.

5

## IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion for Bond Pending Appeal" [Dkt. # 131] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: November 19, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 19, 2009, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522